

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 14, 1976

The Honorable Charles Barden, P.E.    Opinion No. H-836
Executive Director
Texas Air Control Board              Re: Whether certain
8520 Shoal Creek Boulevard           information maintained
Austin, Texas  78758                 by the Air Control Board
                                     is confidential.

Dear Mr. Barden:

  You have requested our opinion on a number of questions regarding section 1.07 of the Texas Clean Air Act, article 4477-5, V.T.C.S.  Section 1.07 provides:

> Information submitted to the [Texas
> Air Control] [B]oard relating to secret
> processes or methods of manufacture or
> production which is identified as con-
> fidential when submitted shall not be
> disclosed by any member, employee, or
> agent of the [B]oard.

You ask:

> 1.  Whether employees of the Texas Air
> Control Board may make public information
> which has been labeled as confidential if
> such information does not relate to secret
> processes or methods of manufacture, and,
> if so, what procedures, if any, the Board
> is required to follow in making the latter
> determination;
>
> 2.  how broadly the Board should interpret
> the meaning of 'relating to secret processes
> or methods of manufacture or production'; and
>
> 3.  whether confidential information may be
> forwarded to other governmental bodies.

Section 1.07 establishes a two-pronged test for determining whether information submitted to the Board is disclosable to the public. In order to be deemed confidential, such information must: (1) relate to secret processes or methods of manufacture or production; and (2) be identified as confidential at the time of submission. Either of these two criteria, standing alone, is not sufficient to invoke the confidentiality provision of section 1.07. Thus, we conclude that the Board may make public any information which does not relate to secret processes or methods of manufacture, even though that information has been labeled as confidential at the time of submission.

The Act does not specify the procedures by which the Board is to make the determination as to whether particular information relates to secret processes or methods of manufacture. Such procedures must be devised by the Board, in accordance with section 3.01 of the Clean Air Act, which states, in pertinent part:

> The board shall administer the provisions
> of this Act.

If, of course, the Board receives a request for information which it considers to be excepted under section 1.07, it should request a decision from the Attorney General pursuant to section 7(a) of the Open Records Act. V.T.C.S. art. 6252-17a. We emphasize, however, that it is the Board which is charged with administering the provisions of the Clean Air Act, and it is the Board which must make the initial determination as to whether any requested information falls within the exception of section 1.07. See Attorney General Opinion H-90 (1973).

You also ask us to specify how broadly the Board should interpret the language of section 1.07, which makes non-disclosable confidentially-labeled information "relating to secret processes of methods of manufacture or production." You state that, in some instances, to reveal the amount, type and rate of emissions from a particular unit might enable a person to determine how the process itself functions. In Attorney General Opinion H-539 (1975), we held that emissions data is clearly public information. See Attorney

General Opinion H-635 (1975). In accordance with our previous
decisions, it remains our opinion that emissions data must
be disclosed. In making a decision as to the disclosability
of other confidentially-labeled information, however, the
Board might consider the criteria which courts use in deter-
mining whether information may be classified as a "trade
secret."

The Texas Supreme Court in Luccous v. J.C. Kinley
Company, 376 S.W.2d 336, at 338 (Tex. Sup. 1964), said that
the generally accepted definition of a "trade secret" is
that contained in the Restatement of Torts, section 757,
which is stated as follows:

> b. Definition of trade secret. A
> trade secret may consist of any formula,
> pattern, device or compilation of infor-
> mation which is used in one's business,
> and which gives him an opportunity to
> obtain an advantage over competitors
> who do not know or use it. It may be
> a formula for a chemical compound, a
> process of manufacturing, treating or
> preserving materials, a pattern for a
> machine or other device, or a list of
> customers . . . . A trade secret is a
> process or device for continuous use in
> the operation of the business. Generally
> it relates to the production of goods,
> as, for example, a machine or formula
> for the production of an article.

See also K&G Oil Tool & Service Co. v. G&G Fishing Tool
Service, 314 S.W.2d 782, 789 (Tex. Sup. 1958); Hyde Corp.
v. Huffines, 314 S.W.2d 763, 776-777 (Tex. Sup. 1958); Elcor
Chemical Corporation v. Agri-Sul, Inc., 494 S.W.2d 204, 211
(Tex. Civ. App. -- Dallas 1973, writ ref'd n.r.e.); Ventura
Manufacturing Company v. Locke, 454 S.W.2d 431, 433-434
(Tex. Civ. App. -- San Antonio 1970, no writ); Brown
v. Fowler, 316 S.W.2d 111, 114 (Tex. Civ. App. -- Ft. Worth
1958, writ ref'd n.r.e.); Boucher v. Wissman, 206 S.W.2d
101, 102 (Tex. Civ. App. -- Dallas 1947, writ ref'd n.r.e.);
Open Records Decision No. 50 (1974).

In accordance with the definitions and examples in these cases and other criteria which it may devise, the Board is required to make a determination of whether confidentially-labeled information relates to secret processes or methods of manufacture. We emphasize that the Board must make its determination in any particular case on the basis of the particular facts relevant thereto.

Your final question is whether information determined to be confidential may be disclosed to other governmental bodies. In our opinion, the policy of interagency cooperation would permit the Board to disclose such information to other state agencies. In Attorney General Opinion H-242 (1975), we held that information which was not accessible to the public under the Open Records Act may nevertheless "be transferred between state agencies without violating its confidential character," on the basis of a recognized need to maintain an unrestricted flow of information between state agencies. See Attorney General Opinion H-683 (1975); Attorney General Opinion M-713 (1970). Likewise, confidential information may be disclosable to county and municipal governments which are recognized as agencies of the state. Payne v. Massey, 196 S.W.2d 493, 495 (Tex. Sup. 1946); Bexar County v. Linden, 220 S.W. 761, 763 (Tex. Sup. 1920); State v. City of Dallas, 319 S.W.2d 767, 773 (Tex. Civ. App. -- Austin 1958), aff'd sub nom., State v. Austin, 331 S.W.2d 737 (Tex. Sup. 1960).

The situation is different, however, with regard to the federal government. Although the statute requires the Board to "advise, consult and cooperate with . . . the federal government," section 3.19(4), we do not believe that the Board may thereby disclose confidential information to the federal government. As we stated in Attorney General Opinion H-242 (1974), the policy supporting interchange of information is absent when a federal agency requests information that is not required by law to be disclosed to it, since the state cannot effectively insure that the federal agency will maintain the confidentiality of the information. Although the state may permit the federal government access to public information in the state's possession, it may not permit access to non-disclosable information, unless some other law requires its disclosure. Thus, absent a federal law requiring

the Board to disclose the information, it is our opinion that information which is determined to be confidential may not be disclosed to the federal government or to any agency thereof.

## S U M M A R Y

The Texas Air Control Board may make public any information which does not relate to secret processes or methods of manufacture or production, even though such information has been labeled as confidential when submitted. Whether any particular information "relate[s] to secret processes or methods of manufacture or production" requires a factual determination to be made by the Board. Confidential information may be forwarded to other state agencies and to county and municipal governments, but not to the federal government in the absence of a federal law so requiring.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb